# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:14-CV-00110-TBR-LLK

DONNA TINDLE, as administrator of the
Estate of Jimmie W. Tindle,                                                              Plaintiff,

v.

HUNTER MARINE TRANSPORT, INC.,                               Defendant.

## MEMORANDUM OPINION AND ORDER

Donna Tindle, as the administrator of her late-husband Jimmie W. Tindle's estate, has filed a motion *in limine* to preclude any evidence, reference, or testimony regarding her receipt of Social Security Disability benefits and life insurance proceeds—both collateral source benefits. *See* R. 51 at 1 (Motion in Limine). Mrs. Tindle's Motion in Limine, R. 51, is **GRANTED IN PART** and **DENIED IN PART**.

### I.

The general facts of this case are described in the Court's prior opinion, *Tindle v. Hunter Marine Transport, Inc.*, No. 5:14-CV-00110-TBR-LLK, 2016 WL 270481, at *1–4 (W.D. Ky. Jan. 21, 2016). For the sake of judicial economy, the Court incorporates those facts by reference.

### II.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such

evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

It has long been recognized, says Mrs. Tindle, *see* R. 51 at 1–3 (Memorandum in Support of Motion in Limine), that the introduction of evidence concerning the receipt of collateral benefits "involves a substantial likelihood of prejudicial impact," *Eichel v. N.Y. Cent. R.R. Co.*, 375 U.S. 253, 255 (1963) (per curiam) (holding that evidence of disability payments was inadmissible in a Federal Employers' Liability Act action); *cf. Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34, 35–37 (1963) (per curiam) (holding that erroneous admission of collateral benefits evidence in a Jones Act action was not harmless error). On that basis, courts consistently "preclude admission of evidence of collateral benefits whether such evidence is presented during the liability or damages phase of the trial." *Sheehy v. S. Pac. Transp. Co.*, 631 F.2d 649, 651–62 (9th Cir. 1980); *accord Wilcox v. Clinchfield R.R. Co.*, 747 F.2d 1059, 1061 (6th Cir. 1984); *Vanskike v. Union Pac. R.R.*

*Co.*, 725 F.2d 1146, 1152 (8th Cir. 1984); *Schroeder v. Pa. R.R. Co.*, 397 F.2d 452, 457 (7th Cir. 1968). Mrs. Tindle argues the same result ought to inure in this action.

In response, Hunter Marine disclaims any intent to introduce such evidence. *See* R. 68 at 1 (Response to Motion in Limine). It insists, however, that Mrs. Tindle's motion should be granted "only on the condition that [her] evidence does not 'open the door'" to such questioning. *Id.* Though disfavored, that position is not without support either. *See Gladden v. P. Henderson & Co.*, 385 F.2d 480, 483–84 (3d Cir. 1967) (holding admission of collateral benefits evidence proper where plaintiff's testimony opened the door through "affirmative testimony on direct examination); *cf. Toth v. Grand Trunk R.R.*, 306 F.3d 335, 354–55 (6th Cir. 2002) (finding admission of collateral benefits evidence to be invited error because plaintiff "pushed the limits of the pretrial order excluding any reference to [his] lawsuit as [his] 'sole remedy'").

The Court sees wisdom in Mrs. Tindle's approach and Hunter Marine's caveat.

### IV.

**IT IS HEREBY ORDERED** that the Plaintiff's Motion in Limine, R. 51, is **GRANTED IN PART** and **DENIED IN PART**. Hunter Marine Transport, Inc. shall not introduce evidence or make reference to Donna Tindle's receipt of life insurance proceeds, to Social Security Disability benefits, or to any other collateral source benefits—provided that Mrs. Tindle does not "open the door" to such evidence. In short, Hunter Marine Transport, Inc. must first approach the Court before mentioning Donna Tindle's receipt of Social Security Disability benefits or life insurance proceeds.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record

3