## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:14-CV-00110-TBR-LLK

DONNA TINDLE, as administrator of the
Estate of Jimmie W. Tindle,                                                            Plaintiff,

v.

HUNTER MARINE TRANSPORT, INC.,                                          Defendant.

### MEMORANDUM OPINION AND ORDER

Donna Tindle, as the administrator of her late-husband Jimmie W. Tindle's estate, has filed a motion *in limine* to preclude any evidence, reference, or testimony regarding certain "commemorative coins" she sent to her late-husband's fellow crewmembers, as well as two e-mails sent by Allen Tindle (her brother-in-law) and Amanda Flory (her daughter) to Hunter Marine Transport, Inc.  *See* R. 66 at 1 (Motion in Limine).  Mrs. Tindle's Motion in Limine, R. 66, is **GRANTED**.

### I.

The general facts of this case are described in the Court's prior opinion, *Tindle v. Hunter Marine Transport, Inc.*, No. 5:14-CV-00110-TBR-LLK, 2016 WL 270481, at *1–4 (W.D. Ky. Jan. 21, 2016).  For the sake of judicial economy, the Court incorporates those facts by reference.

### II.

### A.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c));

1

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

**B.**

Evidence is "relevant" if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard for relevancy is "liberal" under the Federal Rules of Evidence. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006). A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009).

Generally speaking, all relevant evidence is admissible. *See* Fed. R. Evid. 402. No rule, however, is without exception: Even relevant evidence may be excluded "if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

### III.

### A.

First, Mrs. Tindle seeks to preclude any reference to certain "commemorative coins" she sent to the crew of the *M/V Elizabeth Ann* after her late-husband's funeral. *See* R. 66 at 1. The face of those coins bears an inscription that reads something along the lines of: "Jimmie . . . May my life's work stand for who I am. . . . [F]or the boys." R. 66-2 at 138 (Mrs. Tindle's Deposition). The reverse includes Tindle's name and the date of his death. *Id.* Mrs. Tindle argues that the coins are irrelevant to the issues of liability and damages, *see* R. 66-1 at 2 (Memorandum in Support of Motion in Limine); R. 72 at 2 (Reply), and even if somehow relevant, that the danger of unfair prejudice, confusing the issues, and misleading the jury outweigh the coins' probative value, *see* R. 66-1 at 2–3. The Court agrees.

Here, the commemorative coins make no fact of consequence more or less likely. Even if Mrs. Tindle "purchased the commemorative coins as expressions of gratitude" to the crew of the *M/V Elizabeth Ann*, as Hunter Marine says,[1] R. 68 at 2 (Response to Motion in Limine), the Court fails to see how that is relevant in any respect to this Jones Act action. It is a stretch, in short, to call Mrs. Tindle's gesture "highly probative

---

[1] As an aside, Mrs. Tindle's deposition testimony regarding her motive for purchasing the commemorative coins does not appear to support such a theory. *See* R. 62-2 at 138–39 (Mrs. Tindle's Deposition).

3

regarding the reasonableness of the crewmember[s'] actions" on the days leading up to her husband's tragic death. *Id.*

In any event, though, the commemorative coins' probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and otherwise misleading the jury. *See* Fed. R. Evid. 403. To take but one example, the jury might interpret Mrs. Tindle's act of gifting the commemorative coins as indicating her subjective belief about the crew's responsibility for her late-husband's death. However, Mrs. Tindle's subjective beliefs on that score are of no consequence to the merits of the claims advanced in this litigation. Accordingly, the Court will preclude any reference to the commemorative coins Mrs. Tindle sent to the crew of the *M/V Elizabeth Ann*.

### B.

Next, Mrs. Tindle wishes to exclude any reference to two e-mails from her brother-in-law and daughter to Donnie Hall, an employee of Hunter Marine, after her husband's funeral on April 29, 2014. *See* R. 66 at 1. In the first, sent on April 30, Allen Tindle wished to thank the crew of the *M/V Elizabeth Ann* for attending his brother's funeral service. *See* R. 66-3 at 1 (E-mail from Allen Tindle to Donnie Hall). A few days later, on May 2, Amanda Flory expressed her gratitude to the crew "for everything they did for [her] dad an[d] family," and she requested contact information for certain crewmembers who tried to help him. *Id.* at 2 (E-mail from Amanda Flory to Donnie Hall). Mrs. Tindle maintains that those e-mails are neither relevant nor otherwise admissible. *See* R. 66-1 at 3–4; R. 72 at 1–4. Again, Mrs. Tindle is right.

Much as is the case with the commemorative coins, the two e-mails make no fact of consequence more or less likely. Neither Mrs. Tindle nor Hunter Marine designated

4

Amanda Flory or Allen Tindle as witnesses, *see* R. 52 at 1–5 (Mrs. Tindle's Witness List); R. 58 at 1–2 (Hunter Marine's Witness List), presumably because neither possesses personal knowledge about what happened aboard the *M/V Elizabeth Ann*, *see* R. 66-1 at 4; R. 72 at 1.  Again, it is a stretch to say that either e-mail is "highly probative regarding the reasonableness of the crewmember[s'] actions" on the days leading up to Tindle's tragic death.  R. 68 at 2.  The e-mails are not probative of any issue in this action.

Moreover, even if relevant and otherwise admissible,[2] the e-mails' probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and otherwise misleading the jury.  *See* Fed. R. Evid. 403.  For example, the jury might interpret Allen Tindle and Amanda Florey's expressions of gratitude as somehow absolving the *M/V Elizabeth Ann*'s crew of possible negligence.  An inference of that ilk would be improper.  Therefore, the Court will preclude any reference to the two e-mails Allen Tindle and Amanda Florey sent to Hall.

### IV.

**IT IS HEREBY ORDERED** that the Plaintiff's Motion in Limine, R. 66, is **GRANTED**.  Hunter Marine Transport, Inc. shall not introduce evidence or make reference to the "commemorative coins" Donna Tindle sent to her late-husband's fellow crewmembers, or to the e-mails Allen Tindle and Amanda Florey sent to Donnie Hall as a representative of Hunter Marine Transport, Inc.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record

---

[2] Because the Court excludes the two e-mails under Federal Rules of Evidence 401 and 403, it need not address the significant hearsay issues both e-mails present.