# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:14-CV-00110-TBR-LLK

DONNA TINDLE, as administrator of the
Estate of Jimmie W. Tindle,                                                                            Plaintiff,

v.

HUNTER MARINE TRANSPORT, INC.,                                Defendant.

## MEMORANDUM OPINION AND ORDER

Donna Tindle filed this wrongful death action as the administrator of her late-husband Jimmie W. Tindle's estate. She alleged that Hunter Marine Transport, Inc. unreasonably delayed evacuating Tindle from the *M/V Elizabeth Ann* after he complained of difficulty breathing and so breached its duty under the Jones Act and general maritime law to provide prompt and adequate medical care. A jury agreed and awarded Mrs. Tindle $1,000,000 for the pain and suffering her husband endured prior to his death. Now, Hunter Marine asks the Court either to remit that sum, or, pursuant to Federal Rule of Civil Procedure 59(a), to order a new trial on the issue of Tindle's damages for pain and suffering. However, the jury's verdict is neither beyond the range supported by, or against the clear weight of, the evidence adduced at trial, nor so excessive as to shock the conscience. Accordingly, Hunter Marine Transport, Inc.'s Motion for Remittitur and/or New Trial, [R. 95], is **DENIED**.

## I.

For just over one year, Jimmie W. Tindle worked as an engineer for Hunter Marine Transport, Inc. While aboard the *M/V Elizabeth Ann*, Tindle experienced an acute exacerbation of his asthma on the morning of April 24, 2014. Over the course of

twenty-nine hours, his condition steadily deteriorated. Tragically, he died on April 25, 2014.

Donna Tindle filed this wrongful death action as the administrator of her late-husband's estate. She alleged that Hunter Marine Transport, Inc. unreasonably delayed evacuating Tindle from the *M/V Elizabeth Ann* after he complained of difficulty breathing and so breached its duty under the Jones Act and general maritime law to provide prompt and adequate medical care. Following a three-day trial, a jury agreed with Mrs. Tindle and returned a verdict against Hunter Marine in the amount of $1,777,214. [R. 90 at 4 (Verdict).] Of that sum, the jury awarded $1,000,000 as compensation for the pain and suffering Tindle endured prior to his death, and $777,214 for loss of support and other financial benefits that his family would have otherwise received. [*Id.*] The jury apportioned fault seventy-five percent to Tindle and twenty-five percent to Hunter Marine. [*Id.* at 3.] The portion of the judgment entered for Tindle's pain and suffering, then, totaled $250,000. [R. 92 at 1 (Judgment).] Dissatisfied with the jury's verdict, Hunter Marine moves to remit the $1,000,000 award or, alternatively, for a new trial limited to the issue of Tindle's damages for pain and suffering. [R. 95 at 1 (Motion for Remittitur and/or New Trial).]

## II.

### A.

Though not without some discretion, this Court is "sharply limited in its ability to remit a jury verdict." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004). An award must stand unless it is (1) beyond the range supportable by proof, (2) so excessive as to shock the conscience, or (3) the result of a mistake. *Bickel v. Korean Air*

*Lines Co.*, 96 F.3d 151, 156 (6th Cir. 1996). Remittitur is appropriate "only when, after reviewing all evidence in the light most favorable to the awardee, [the Court] is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice; or is so excessive or inadequate as to shock the judicial conscience." *Gregory v. Shelby Cty.*, 220 F.3d 433, 443 (6th Cir. 2000) (citing *Farber v. Massillon Bd. of Educ.*, 917 F.2d 1391 (6th Cir. 1990)).

**B.**

Pursuant to Federal Rule of Civil Procedure 59(a), a new trial may be granted, in an action involving a trial by jury, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial is warranted only "when the jury reaches a 'seriously erroneous result as evidenced by (1) the verdict being against the [clear] weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.'" *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509 (6th Cir. 2013) (alteration in original) (quoting *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012), *aff'd*, ⸺ U.S. ⸺, 134 S. Ct. 1377 (2014)); *see also Fastenal Co. v. Crawford*, 609 F. Supp. 2d 650, 658 (E.D. Ky. 2009). The Court may not set aside a verdict "simply because it believes that another outcome is more justified," but instead must "accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)).

### III.

Hunter Marine moves to remit the jury's award for pain and suffering or, alternatively, for a new trial as to that issue. [R. 95 at 1.] Relief of that sort is appropriate, it argues, because the jury's award of $1,000,000 is beyond the range supportable by proof, [see R. 95-1 at 3–8 (Memorandum in Support)], and, in any event, is so excessive as to shock the conscience, [see id. at 8–13]. The Court, however, sees no reason to disturb the jury's verdict.

### A.

To start, Hunter Marine claims that the jury's verdict is against the clear weight of the evidence and beyond the range supportable by, or against the clear weight of, the evidence in this case. It reasons that Tindle experienced pain and suffering for just a short time, some twelve minutes in its estimation, and that an award of $1,000,000 is inappropriate in those circumstances. [See id. at 4–6.] It also argues that the record does not reveal any mental pain and suffering on Tindle's part. [See id. at 6–8.] The Court concludes otherwise.

The jury heard ample evidence indicating that Tindle's pain and suffering lasted as long as twenty-nine hours—not a mere twelve minutes as Hunter Marine claims. [See R. 98 at 3–6 (Response).] For instance, Dr. Joseph Varon explained in detail how Tindle experienced an acute exacerbation of his asthma beginning on the morning of April 24, which steadily worsened until his death on the evening of April 25, 2014. Dr. Varon described the pathophysiology of such an episode, in particular, how the bronchial tubes start to constrict, slowly starving the body of oxygen and forcing the heart to work harder and beat faster until, at some point, the patient collapses as Tindle did. Dr. Varon aptly

4

described the progression of Tindle's asthmatic episode as akin to "slowly suffocating to death" over a period of twenty-four hours or more.

It is true, as Hunter Marine points out, [*see* R. 95-1 at 6], that Tindle likely suffered most in the time between his first distress call to deckhand Kaleb Kline and his loss of consciousness. It does not follow, however, that Tindle had been free of troubles in the hours before that time. The jury heard credible testimony about how Tindle's condition steadily declined and of his efforts (and those of his wife) to alleviate his suffering. The jury's award of $1,000,000 is neither against the clear weight of the evidence, nor beyond the range supportable by the proof adduced at trial.

In addition, the record contains sufficient proof to support an award for mental pain and suffering. Mental pain and suffering encompasses such things as the "terror and fright" felt upon the "realization that [one] is about to lose his life." *Anderson v. Whittaker Corp.*, 894 F.2d 804, 814 (6th Cir. 1990). An eyewitness or firsthand account of those circumstances "is not essential to such an award." *In re U.S. Steel Corp.*, 436 F.2d 1256, 1275 (6th Cir. 1970).

Here, the jury heard testimony from Mrs. Tindle, who described her husband's concern over his worsening symptoms and inability to "catch his breath" during the morning and afternoon hours of April 25. Kline, the deckhand who responded to Tindle's plea for help, also described Tindle's mental state, explaining how Tindle had instructed him to administer epinephrine should Tindle lose consciousness, which happened minutes later. Evidence of that sort supports the reasonable inference that Tindle likely knew his life to be in jeopardy. "Under such circumstances, an award for pain and suffering cannot be said to be error." *In re U.S. Steel Corp.*, 436 F.2d at 1275.

**B.**

Even if the record happens to support the jury's verdict, Hunter Marine says that the award is so excessive as to shock the conscience. [*See* R. 95-1 at 8–13.] It attempts to show that in two ways. First, it suggests that a verdict of $1,000,000 for a relatively brief and painless period of suffering is excessive. [*See id.* at 8–9.] Second, it points to other cases in which juries returned smaller verdicts for (what, at least, it considers to be) more gruesome injuries and prolonged periods of suffering. [*See id.* at 10–13.] Again, the Court finds neither argument persuasive.

As discussed earlier, the jury heard considerable evidence about the duration and severity of Tindle's physical and mental pain and suffering. For example, Dr. Varon likened Tindle's experience to "slowly suffocating to death" over a period of twenty-four hours or more. The psychological and physiological toll of being "unable to breathe" or to catch "one's breath cannot be discounted," even if, as Hunter Marine claims, the entire episode only lasted for twelve minutes. *Champion*, 330 F.3d at 906. In truth, no one except Tindle can ever really know the extent of the physical and mental pain and suffering he experienced over the hours leading up to his death. The jury, however, listened to and evaluated "various and conflicting pieces of evidence and believed that [Tindle] suffered," and there is no basis to call the reasonableness of that determination into question. *Id.*

None of the decisions upon which Hunter Marine relies, [*see* R. 95-1 at 10–13 (collecting cases)], undermines that conclusion either. Though "other awards in other cases . . . involving similar injuries" might be informative as to whether a verdict is excessive, those decisions are "in no sense controlling." *Thompson v. Nat'l R.R.*

6

*Passenger Corp.*, 621 F.2d 814, 827 (6th Cir. 1980). Having reviewed the decisions discussed in the parties' papers, the Court sees no reason to disturb the jury's decision. *Compare Champion*, 380 F.3d at 905–07 (upholding award of $900,000 when decedent suffocated over a period of seventeen minutes), *and Bickel*, 96 F.3d at 156 (upholding awards exceeding $1,000,000 when airline was attacked by the Soviet Union and victims remained conscious during the twelve minute descent into the Sea of Japan), *with Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888, 901–02 (5th Cir. 1994) (remitting award of $1,000,000 to $500,000 when decedent drowned over a period of twenty-five minutes). The verdict is neither beyond the pale of reason, nor does it shock the judicial conscience. Accordingly, it shall remain intact.

### IV.

**IT IS HEREBY ORDERED** that Hunter Marine Transport, Inc.'s Motion for Remittitur and/or New Trial, [R. 95], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:    Counsel of Record